IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| WILLIAM W. WELLER, | § | |
| | § | No. 488, 2023 |
| Appellant Below, | § | |
| Appellant, | § | Court Below—Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | C.A. No. N23A-03-007 |
| MORRIS JAMES, LLP, and | § | |
| UNEMPLOYMENT INSURANCE | § | |
| APPEAL BOARD, | § | |
| | § | |
| Appellees Below, | § | |
| Appellees. | § | |

Submitted: June 14, 2024
Decided:   August 12, 2024

Before **SEITZ**, Chief Justice; **VALIHURA** and **LEGROW**, Justices.[1]

## **ORDER**

(1)    The appellant, William W. Weller, was employed by Morris James, LLP, from October 2002 to August 2022.  On August 16, 2022, Weller and Morris James entered a "Separation Agreement and Release" (the "Separation Agreement").[2]  The Separation Agreement stated that Weller's departure would be deemed a "resignation."  The agreement provided that Morris James would pay

[1] After this matter was submitted for decision on the briefs, the appellant filed a motion requesting *en banc* consideration of the appeal.  To the extent necessary, the Court denies that motion and the appellant's motion to strike the Board's response to the motion.  The appeal was assigned for consideration by this panel in an exercise of the Court's discretion.  *See generally* DEL. SUPR. CT. INTERNAL OPERATING PROC. X (explaining how the Court typically determines which matters are considered *en banc*).

[2] Appendix to Opening Brief at A107-14.

Weller "one (1) year of wages at Employee's current salary for a total of Ninety Four Thousand Four Hundred Fifty and 00/100 Dollars ($94,450.00), in a lump sum payment, less required taxes and withholdings and standard deductions" (the "Payment") and would "[n]ot contest any filing by Employee for unemployment benefits," except that Morris James would "accurately respond to any wage or basic employment information requested or required by the Delaware Department of Labor (or other state agency), including the reporting of the [P]ayment."[3]   The Separation Agreement stated that the Payment was "in excess of that which Employee otherwise would be entitled or eligible to receive."  Weller provided an expansive release of any claims he may have had against Morris James, its partners, employees, attorneys, and others.  Weller agreed to release "all claims" including but not limited to claims for breach of contract, tort claims, harassment and discrimination claims, claims for attorneys' fees or expenses, and any claims arising under any federal, state, or local laws, including, without limitation, an extensive list of federal and state statutes.[4]   One statute identified in that extensive list was the Delaware Whistleblowers' Protection Act.[5]

(2)    Following his separation from employment, Weller filed a claim for unemployment benefits.  The Division of Unemployment Insurance sent to Morris

---

[3] *Id.* at A107-08.
[4] *Id.* at A108-10.
[5] *Id.* at A109.

James a "Separation Notice,"[6] as required by 19 *Del. C.* § 3317(b). Morris James returned the Separation Notice to the Division, as required by the statute, and indicated that Weller had received $94,450 in severance pay for the period September 1, 2022, to August 31, 2023.[7]

(3) The Division determined that the circumstances of Weller's separation from Morris James did not disqualify him from receiving unemployment benefits.[8] But a claims deputy determined that Weller was ineligible to receive benefits from the week ending September 17, 2022, through the week ending September 2, 2023, because he had received severance pay covering the relevant period. To determine the amount of unemployment benefits that an eligible person will receive for a week that the person is unemployed, the Division calculates a weekly benefit amount based on the person's past earnings and then subtracts any "wages" that the person receives for that week that exceed 50% of the person's weekly benefit amount.[9]

---

[6] *Id.* at A115.

[7] *Id.*

[8] *See generally* 19 *Del. C.* § 3314 (setting forth circumstances in which an unemployed person is disqualified from receiving benefits, including certain voluntary separations from employment).

[9] *See* 19 *Del. C.* § 3313(m) ("Each eligible individual who is unemployed in any week shall be paid with respect to such week a sum equal to the individual's weekly benefit amount less that part of the wages (if any) payable to the individual with respect to such week which exceeds whichever is the greater of $10 or 50 percent of the individual's weekly benefit amount. Such sum, if not an even dollar, shall be rounded down to the next whole dollar. Wages do not have to be paid to be considered payable."); Delaware Division of Unemployment Insurance, Claimant Handbook, at 12 ("You are allowed to earn 50% of your weekly benefit amount without any deduction from your weekly benefit payment. Anything over 50% is deducted dollar for dollar. For example: If your weekly benefit amount is $100, you are allowed to earn $50 gross (wages before deductions) within the benefit week with no deduction of your UI benefit, anything over $50 is deducted dollar

Section 3302(18) of the statute defines "wages" as "all remuneration for personal services, including commissions, bonuses, dismissal payments, holiday pay, back pay awards and the cash value of all remuneration in any medium other than cash."[10] The Division claims deputy found that the Payment constituted wages for purposes of calculating the benefit amount, prorated the $94,450 over the one-year period following Weller's departure from Morris James, and determined that Weller was ineligible to receive benefits for that period.[11]

(4)     Weller appealed, arguing that the Payment was not a severance payment that would constitute "wages" under the statute but rather a settlement of claims that Weller had against Morris James under the Delaware Whistleblowers' Protection Act. Weller asserted that Morris James had retaliated against him for reporting alleged misconduct by the firm and its attorneys to the Office of Disciplinary Counsel, that the Whistleblower Act protected him from such retaliation, and that Morris James made the Payment to settle Weller's claim under the Whistleblower Act.[12]

(5)     After a hearing on December 21, 2022, the appeals referee affirmed the claims deputy's decision, concluding that the Payment constituted "wages" under

---

for dollar."), *available at* https://laborfiles.delaware.gov/main/dui/handbook/UI%20Claimant% Handbook.pdf.
[10] 19 *Del. C.* § 3302(18).
[11] Appendix to Opening Brief at A116.
[12] *Id.* at A063-86.

the statute and that the amount made Weller ineligible to receive a benefit from September 17, 2022, through September 2, 2023.[13] The referee emphasized the characterization of the Payment as "wages" in Section 1(a) of the Separation Agreement and the statement in the first paragraph of the agreement that the parties had "decided to separate their employment relationship."[14] The referee declined to conclude that "the fact that the [Separation Agreement] states that the Claimant is receiving more consideration than he was entitled to receive transforms the document into a settlement agreement."[15] The referee also determined that the reference to the Whistleblower Act in Section 3(a) of the Separation Agreement did not demonstrate that the agreement was a "settlement agreement solely for a whistleblower complaint," observing that Section 3(a) "lists claims for any federal, state, and local law and includes over 20 laws without limitation."[16]

(6) Weller appealed to the Unemployment Insurance Appeals Board (the "Board"), which affirmed the referee's decision.[17] The Board stated that severance payments generally are "dismissal payments," and therefore wages, under Section 3302(18).[18] Because the Payment was made "in connection with the termination of

---

[13] *Id.* at A103-05.
[14] *Id.* at A104.
[15] *Id.* at A104-05.
[16] *Id.* at A105.
[17] *Id.* at A010-12.
[18] *Id.* at A011. In addition to Section 3302(18), the Board cited the Division's handbook for unemployment insurance claimants, which states that "[w]ages are any and all income received from," among other things, "[d]ismissal payments/[s]everance pay." Delaware Division of

5

Claimant and Employer's employment relationship," the Board concluded that the Payment was a severance payment, even though it "was part of a settlement agreement that included the resolution of other issues."[19]

(7)     Weller appealed to the Superior Court, which affirmed the Board's decision.[20]  This appeal followed.  After careful consideration of the parties' briefs and the record on appeal, we conclude that Weller's arguments on appeal do not establish reversible error.  We affirm on the basis of the Superior Court's November 30, 2023 memorandum opinion.

(8)     In addition to seeking reversal of the unemployment benefits decision that is at issue in this appeal, Weller asserts in his briefing that the Court should refer the alleged misconduct by Morris James and its attorneys to "an impartial person, master, and/or body."  That request is beyond the scope of this appeal.  Moreover, Weller's submissions—including his filings after briefing in this appeal was complete—make clear that he has reported the misconduct that he alleges to the Office of Disciplinary Counsel.  His dissatisfaction with the response does not establish a basis to appoint another person to review the allegations.

---

Unemployment Insurance, Claimant Handbook, at 7, *available at* https://laborfiles.delaware.gov/main/dui/handbook/UI%20Claimant%Handbook.pdf.
[19] Appendix to Opening Brief at A011.
[20] *Weller v. Morris James LLP*, 2023 WL 8281144 (Del. Super. Ct. Nov. 30, 2023).

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Chief Justice